# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MARTIN FOLK, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:10-CV-00574-HEA |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) |
| Defendant. | ) |

## PLAINTIFF MARTIN FOLK'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Defendant has objected to the production of certain documents, claiming that these documents are protected by the work product doctrine. However, these documents, associated with Plaintiff's underinsured motorist claim, are discoverable under the Federal Rules of Civil Procedure. Federal Courts have consistently held that these types of documents are not created in "anticipation of litigation", a requirement for work product to attach, and as such are discoverable. Moreover, there is a substantial need for these documents and an inability to obtain the substantial equivalent of the documents by other means. Consequently, Plaintiff is entitled to an Order compelling production of Defendant's withheld documents, particularly in regards to the activity logs, the internal medical review of October 29, 2009 and the ISO search.

## INTRODUCTION

Plaintiff, Martin Folk, was physically injured in a car accident when another motorist allowed his vehicle to come into violent contact with Plaintiff's vehicle. At the time of the accident, Defendant, State Farm, had in full force and effect a contract of insurance with Plaintiff which included $100,000 in underinsured motorist coverage. The other motorist was insured

under a contract that provided only $50,000 in automobile liability coverage, which was far less than the loss Plaintiff suffered as a result of the collision. Plaintiff settled with the motorist's insurer for $50,000, the full amount of the motorist's limits of liability. On September 23, 2009, Plaintiff made demand on Defendant to pay pursuant to the terms of its policy. On November 24, 2009, Defendant refused to pay or tender any sums to Plaintiff under the Uninsured Motorist provisions of the Policy. On March 22, 2010, Plaintiff filed suit against Defendant alleging breach of contract and vexatious refusal to pay.

In his initial discovery requests, Plaintiff sought production of 19 different categories of documents (see Request for Production, attached hereto as Exhibit A). Defendant filed its response, with said response agreeing to produce some documents and objecting to the production of others. (see Answers and Objections to Plaintiff's First Request for Production, attached hereto as Exhibit B). Ultimately, Defendant produced a privilege log (see July 7, 2010 letter of Wilke & Wilke, attached hereto as Exhibit C). Within the log, Defendant identified, among other things, 3 "groups" of documents which they claim are protected by the work product doctrine:

- The activity logs (pages 501-561 of Log);
- The October 29, 2009 internal medical review (pages 99-101 of Log); and
- The ISO search (pages 334-337 of Log).

The documents are not protected by the work product doctrine because these documents were not prepared in anticipation of litigation—these documents were prepared as the normal part of State Farm's business or were prepared *before* State Farm anticipated litigation. Additionally, substantial need exists for the documents in question. Consequently, plaintiff

respectfully requests this Court to overrule Defendant's objections compel the production thereof forthwith.

**LEGAL STANDARD**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." This phrase "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case," giving the district court wide discretion in its handling of discovery matters. Masters v. UHS of Del., Inc., 2008 U.S. Dist. LEXIS 45117 (E.D. Mo. 2008) *at \*4-5*. The burden is typically on the party resisting discovery to explain why discovery not be had. Id.

Rule 26(b)(3) protects "documents and tangible things…prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative…" "In order to prevail on its claim that the statements in question are not protected by the work-product rule, plaintiff must show that the materials were 1) not prepared in anticipation of litigation or for trial, or 2) a substantial need exists for the materials in question, in conjunction with plaintiff's inability to obtain the substantial equivalent of the materials by other means." Fontaine v. Sunflower Beef Carrier, Inc., 87 F.R.D. 89, 91 (E.D. Mo. 1980) (citing rule 26(b)(3)).

**ANALYSIS**

Defendant objects to the production of certain documents, claiming that said documents are protected by the work-product doctrine. Federal Rule 26(b)(3) protects "documents and tangible things…prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative…" "[I]nformation or materials assembled by or for a person in

3

anticipation of litigation or in preparation for trial may be qualifiedly privileged from disclosure to an opposing party. That rule is known as the 'work product' rule." The Medical Protective Company v. James E. Bubenik, D.M.D., 2007 U.S. Dist. LEXIS 76382 (U.S.D.C. Mo. 2007) citing Diversified Industries, Inc. v. Meredith, 572 F.2d 596, 601 (8th Cir. 1977). "In order to prevail on its claim that the statements in question are not protected by the work-product rule, Folk must show that the materials were 1) not prepared in anticipation of litigation or for trial, or 2) a substantial need exists for the materials in question, in conjunction with plaintiff's inability to obtain the substantial equivalent of the materials by other means." Fontaine v. Sunflower Beef Carrier, Inc., 87 F.R.D. 89, 91 (E.D. Mo. 1980) (citing rule 26(b)(3)). All privileges, including the work product rule, "are to be narrowly construed so as to avoid the suppression of otherwise competent evidence (citations omitted)" and "are a matter of procedural, not substantive law, and therefore are governed by federal law." Bubenik, 2007 U.S. Dist. LEXIS 76382 at *4 citing PepsiCo., Inc. v. Baird, Kurtz & Dobson LLP, 305 F.3d 813, 816 (8th Cir. 2002).

> **A. Pages 99-101, 334-337 and 501-561 Were Not Prepared "In Anticipation Of Litigation" either because they were prepared in the ordinary course of business of defendant or they were prepared *before* any anticipated litigation.**

Implicit in State Farm's argument that the above-referenced documents are protected by the work product doctrine is that these documents were "prepared in anticipation of litigation." However, contrary to its assertion, these documents were created in the ordinary course of business of State Farm and/or were created ***before*** anticipation of litigation.

**1. Documents were created in the ordinary course of State Farm's business, not in anticipation of litigation.**

Pages 99-101, 334-337 and 501-561 are identified by State Farm as "internal medical review of October 29, 2009", "ISO search" and "activity logs", respectively. State Farm has failed to establish that these documents were prepared in anticipation of litigation. As such, State Farm's objection should be overruled.

The case at bar is identical to McConnell v. Farmers Insurance Company, 2008 U.S. Dist. LEXIS 14039. There, McConnell filed a 2-count petition against Farmers which alleged a breach of contract of the underinsured motorist provision and vexatious refusal to pay, as has Folk here. McConnell sought production of the claims file created by Farmers (i.e. all documents created *before* the date of the filing of the breach of contract and vexatious refusal to pay lawsuit) and Farmers objected, arguing that the file was created in anticipation of litigation with McConnell and, thus, was protected by the work product doctrine. In support of its objection, Farmers, as does State Farm here, relied upon State ex rel. Safeco National Insurance Co. of America v. Rauch, 849 S.W.2d 632 (Mo. App. 1993). The United States District Court for the Western District of Missouri held that the work product doctrine did *not* apply to Farmer's claim file because it was not necessarily created in anticipation of litigation. In doing so, the court noted that Farmers' reliance upon Rauch was misplaced because the claimed work product privilege is a procedural matter and, as such, is determined by looking at federal law, not Missouri.

The McConnell court further noted that the claims file was not necessarily created in anticipation of litigation but, instead, was "prepared in the regular course of business . . . ." (McConnell, at *3) and that the file belonged to McConnell Id. "Generally, an insured is entitled to the claims file in the possession of an insurer." The Medical Protective Company v.

James E. Bubenik, D.M.D., 2007 U.S. Dist. LEXIS at *6. The Missouri Supreme Court has held that the insured/insurer relationship is similar to that of an attorney/client and, just as the attorney's file belongs *not* to the attorney, but rather to the client, the insurer's *claim file* belongs *not* to the insurer, *but to the insured*. Grewell v. State Farm Mutual Insurance Co., Inc., 102 S.W.3d 33, 36-37 (Mo. 2003)(emphasis added). "[U]nder Grewell it is assumed that once there is communication between the insured and insurer, an attorney-client-like relationship is established, and any claim file that results belongs to the insured." McConnell v. Farmers Insurance Company, 2008 U.S. Dist. LEXIS 14039, *6. "[A]ny claims file" belongs to the insured "and they should be provided free and open access to that file." Grewell, at 37.

The reasoning of McConnell is consistent with the decisions of other federal courts across the country which have routinely held that documents created by an insurer in evaluating a claim filed with it by its insured were not prepared in anticipation of litigation but were prepared in the ordinary course of its business and, as such, were not protected by the work product doctrine. See Pete Rinaldi's Fast Foods, Inc. v. Great American Ins. Cos., 123 F.R.D. 198, 202 (M.D.N.C. 1988) "[W]hen the claim is made by its insured, an insurance company cannot in good faith contend that there is a reasonable possibility of litigation with respect to every claim submitted to it. In order to sell its products, insurance companies usually emphasize the fact that their policies will provide protection to their clients." See also, Atlanta Coca-Cola Bottling Company v. Transamerica Insurance Company, 61 F.R.D. 115 (N.D.Ga, 1972) "[T]he evaluation of claims of its policyholders is the regular, ordinary and principal business of defendant insurance company. Most of such claims result in payment by the defendant; it can hardly be said that the evaluation of a routine claim from a policyholder is undertaken in anticipation of litigation, even though litigation often does result from denial of a claim." See

also, Harper v. Auto-Owners Ins. Co., 138 F.R.D. 655, 663 (S.D. Ind. 1991) "a document or thing produced or used by an insurer to evaluate an insured's claim in order to arrive at a claims decision in the ordinary and regular course of business is not work product regardless of the fact that it was produced after litigation was reasonably anticipated. It is presumed that a document or thing prepared before a final decision was reached on an insured's claim, and which constitutes part of the factual inquiry into or evaluation of that claim, was prepared in the ordinary and routine course of the insurer's business of claim determination and is not work product." See also Airheart v. Chicago & North Western Transp. Co., 128 F.R.D. 669, 671 (D.S.D. 1989) "[T]he documents prepared by American Family were not in anticipation of litigation or for trial as contemplated by the Federal Rules of Civil Procedure. This is true even though they may eventually be used for that purpose. The very business of American Family is to conduct the type of investigation performed in order to fulfill a contractual responsibility to its insured."

Because Defendant State Farm created the claims file in the regular course of business of evaluating its insured's claim, the documents belong to Plaintiff Folk and he is entitled to production thereof.

**2. Documents were created before anticipation of litigation.**

Additionally the fact that these documents were prepared in the ordinary course of State Farm's business, these documents were not prepared in anticipation of litigation because no adversarial relationship existed at the time of their creation.

Courts have defined "anticipated litigation" as requiring some type of adversarial relationship. Since litigation can be "anticipated" in almost any scenario, the term "anticipated litigation" must be conservatively construed. ("[B]ecause litigation can be anticipated, in a

7

general sense, at the time almost any incident occurs—thus closing off much pertinent discovery—courts have interpreted the Rule to require a more substantial and justifiable motivating force." Harper v. Auto-Owners Inc. Co., 138 F.R.D. 655, 660 (S.D. Ind. 1991)). Both the 8th, 7th and D.C. Circuits of the United States Courts of Appeals, as well as, District Courts sitting in Minnesota, South Dakota, Georgia, New Jersey, Indiana, New York, Pennsylvania and Nevada,[1] have all held that a party must show "more than a 'remote prospect,' an 'inchoate possibility,' or a 'likely chance' of litigation" in order to satisfy that a document was prepared in "anticipation of litigation." In Diversified Indus. v. Meredith, 572 F.2d 596 (8th Cir. 1977), the court held that documents prepared by a law firm for its client were not prepared in "anticipation of litigation". While "all parties concerned must have been aware that the conduct of employees . . . might ultimately result in litigation of some sort in the future", that "remote prospect of litigation" did not satisfy the "anticipation of litigation" requirement. Id. at 604.

Here, State Farm has failed to show that when it created these documents that it was done in anticipation of litigation. Plaintiff forwarded his medical records along with his offer to settle his claim (all pursuant to State Farm's policy) on September 23, 2009. State Farm sent a denial letter to Plaintiff's attorney on November 24, 2009. Plaintiff filed his lawsuit on March 22,

---

[1] Mission National Insurance Company v. Lilly, 112 F.R.D. 160, 163 (D. Minn. 1986); Diversified Industries, Inc. v. Meredith, 572 F.2d 596, 604 (8th Cir. 1977); Airheart v. Chicago and North Western Transportation Company, 128 F.R.D. 669, 671 (D.S.D. 1989). Coastal States Gas Corporation v. Department of Energy, 199 App. D.C. 272, 617 F. 2d 854, 865 (D.C. Cir. 1980); Home Insurance Company v. Ballenger Corporation, 74 F.R.D. 93, 101 (N.D. Ga. 1977); Leonen v. Johns-Manville, 135 F.R.D. 94, 97 (D.N.J. 1990); Henderson v. Zurn, 131 F.R.D. 560, 569 (S.D. Ind. 1990); Binks Mgf. Co. v. National Presto Indus., Inc., 709 F.2d 1109, 1118 (7th Cir. 1983); Fine v. Bellefonte Underwriters Insurance Co., 91 F.R.D. 420 (S.D.N.Y. 1981); Taroli v. General Electric Company, 114 F.R.D. 97, 98 (N.D. Ind. 1987); Hydramar, Inc. v. General Dynamics Corp., 115 F.R.D. 147 (E.D. Penn. 1986); Schmidt v. California State Automobile Association, 127 F.R.D. 182, 184 (D. Nev. 1989).

2010. In his Request for Production (Ex. A), Plaintiff seeks documents created **before** March 22, 2010, the date of filing of the lawsuit. Clearly, as of March 22, 2010, an adversarial relationship existed between Plaintiff and Defendant. However, prior to this date, no such relationship existed.[2]

Plaintiff's Count I is for breach of contract, with the operative word being "breach." When did the "breach" take place? State Farm is hard-pressed to argue that it prepared documents "in anticipation of litigation" *before* any breach took place, for only at that time can it be said an adversarial relationship existed, unless State Farm is admitting that on the date it received Plaintiff's demand letter it had already decided to deny the claim *without having conducted any investigation*.

In creating the activity logs, the ISO search and the medical review, Defendant State Farm was simply doing what it normally does—evaluating an insured's claim. These were not steps taken in "anticipation of litigation."

> "The specific fact situation of this case involves an insured's demand to inspect its insurance company's claims files in order to discover whether the insurance company acted in bad faith in refusing to pay or settle the claim. An insurance company cannot reasonably argue that the entirety of its claims files are accumulated in anticipation of litigation when it had a duty to investigate, evaluate and make a decision with respect to claims made on it by its insured."

Pete Rinaldi's Fast Foods, Inc. v. Great American Ins. Co., 123 F.R.D. 198, 202 (M.D.N.C. 1988). Consequently, the documents here are not protected by the work product doctrine.

---

[2] It is difficult to determine whether any of State Farm's documents were created in "anticipation of litigation" where, with the exception of the October 29, 2009 medical review, the objected-to documents aren't dated in the privilege log. Presumably the ISO search was performed the November 24, 2009 denial as well as most, if not all, of the activity log as the activity log would detail what State Farm did *before* the denial.

B. **<u>Substantial Need Exists for the Production of the Objected-To Documents</u>**.

Finally, even if the foregoing documents were prepared in "anticipation of litigation", a substantial need exists for the materials in question and Plaintiff has an inability to obtain the substantial equivalent of the materials by other means.

"In order to prevail on its claim that the statements in question are not protected by the work-product rule, [Folk] must show . . . a substantial need exists for the materials in question, in conjunction with plaintiff's inability to obtain the substantial equivalent of the materials by other means." <u>Fontaine v. Sunflower Beef Carrier, Inc.</u>, 87 F.R.D. 89, 91 (E.D. Mo. 1980) (citing rule 26(b)(3)). The documents withheld by State Farm describe the thought process and basis of decision to deny claims. <u>O'Boyle v. Life Insurance Co. of North America</u>, 299 F. Supp. 704, 706 (W.D. Mo. 1969). For this reason, they are discoverable with regard to the issue of vexatious delay. <u>Id.</u> Moreover, the substantial equivalent of claim files cannot be obtained by other means because files include present sense impressions and contemporary statements considered in the denial of coverage. <u>McConnell</u>, 2008 U.S. Dist. Lexis 14039 at *7. Thus, because Plaintiff's suit against Defendant alleged vexatious refusal to pay, the Claim file is clearly discoverable.

## **<u>CONCLUSION</u>**

Because the documents numbered 99-101, 334-337 and 501-561 were not prepared in anticipation of litigation but were part of State Farm's ordinary business and/or because a substantial need exists for the disclosure of these documents pursuant to Rule 26(b)(3), Plaintiff respectfully requests an Order from this Court overruling Defendant's objections and compelling production of said documents forthwith.

          WITZEL, KANZLER, DIMMITT,
          KENNEY & KANZLER, LLC


By: /s/ David A. Dimmitt
    Richard C. Witzel # 25718
    David A. Dimmitt #18679
    2001 S. Big Bend Blvd.
    St. Louis, Missouri 63117
    (314) 645-5367
    (314) 645-5387 (fax)
    rwitzel@wkllc.com
    david@wkllc.com

**RULE 37-3.04 CERTIFICATE OF GOOD FAITH ATTEMPT TO RESOLVE**

The undersigned hereby certifies that on or about August 10, 2010, he spoke with James Wilke via telephone in an attempt to resolve this dispute but were unable to do so.

          /s/ David A. Dimmitt