# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MARTIN FOLK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:10CV574 HEA |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Production of Documents, [Doc. No. 16]. Defendant opposes the motion. For the reasons set forth below, the Motion is granted.

## Facts and Background

Plaintiff's action arises out of an automobile accident involving an underinsured motorist. Plaintiff settled with the underinsured motorist for the full amount of the motorist's insurance policy. Plaintiff subsequently filed a claim with Defendant, his insurer, for his damages which exceed the amount he received from the other motorist. Defendant, refused to pay Plaintiff's claim and Plaintiff brought this action for breach of contract and vexatious refusal to pay.

Plaintiff seeks an order from this Court compelling Defendant to produce

documents which Defendant claims are protected by the work product doctrine.

## Discussion

Plaintiff seeks the production of three groups of documents which Defendant included in its privilege log:

The activity logs

The October 29, 2009 internal medical review

The ISO search.

Defendant has produced the ISO search, and therefore the motion as to those pages of the privilege log is denied as moot.

With respect to the remaining pages, Plaintiff argues that they were not prepared in anticipation of litigation as required under the work product doctrine, rather, they were prepared in the normal part of Defendant's business. Rule 26(b)(3) protects "documents and tangible things. . . prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative. . ." In order to prevail on the claim that the documents in question are not protected, Plaintiff must establish that they were not prepared in anticipation of litigation or for trial or that a substantial need exists for the materials in question, in conjunction with Plaintiff's inability to secure the substantial equivalent of the materials by other means. *McConnell v. Farmers Ins. Co., Inc.*, 2008 WL 510392

(W.D. Mo. 2008). The documents at issue were created prior to the denial of Plaintiff's claim and prior to the filing of this action. The Court agrees with the reasoning articulated in *McConnell*.

> [S]everal courts have held that although litigation may be a contingency at the time the document is prepared, "if the prospect of litigation is identifiable because of specific claims that have already arisen," then the work-product doctrine applies. See, e.g., Fontaine, 87 F.R.D. at 92. In this case, McConnell has asserted a breach of contract claim. However, Farmers has not argued that at the time McConnell first made a claim on his insurance policy, Farmers intended to deny the claim. See Med. Protective Co., 2007 WL 3026939, at *4 ("Plaintiff asserts that many of the withheld documents were created in anticipation of litigation regarding coverage, however, Plaintiff seeks to protect documents created before coverage was formally denied."). It cannot be said McConnell's breach of contract claim arose until after Farmers' formally denied coverage; thus, these documents were not created in anticipation of litigation.

*McConnell,* 2008 WL 510392, 2.[1] "An insurer's decision to decline coverage is typically the point at which the ordinary course of business ends and the anticipation of litigation begins." *Medical Protective Co. v. Bubenik*, 2007 WL 3026939 (E.D. Mo. 2007)(internal quotations omitted).

There is no dispute that the documents requested were prepared prior to

---

[1] The Court recognizes that the Court in *Wallace v. Tindall*, 2010 WL 2545553 (W.D. Mo. 2010) reached the opposite conclusion, however, the Court respectfully disagrees with that conclusion. In finding the documents were protected under the work product doctrine, the *Wallace* Court concluded that the defendant was "certainly aware that litigation was a possibility" when it took the statement. This Court is of the opinion that this conclusion extends the doctrine well beyond its intended scope. Merely a "possibility" of litigation is insufficient to establish that the documents were prepared "in anticipation of litigation."

Defendant's denial of Plaintiff's claim on November 24, 2009. As such, the Court concludes that the documents were prepared in the ordinary course of Defendant's business and were not prepared in anticipation of litigation. The work product doctrine, therefore does not apply to the activity logs (pages 501-561 of Log) and the October 29, 2009 internal medical review (pages 99-101 of Log). Defendant's objections to production are overruled. Plaintiff's Motion to Compel is granted as to these documents.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel, [Doc. No 16], is granted as to the activity logs and the internal medical review.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel is denied as moot with respect to the ISO search.

Dated this 9th day of September, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE